IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON A.R., | Civil No. 1:26-cv-03004-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN OF GOLDEN STATE ANNEX, *et al.*, | A# 243-109-135 |
| Respondents. | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Brandon A.R.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  He notes that when he entered the United States in 2022, he was designated an

Unaccompanied Alien Child under the Trafficking Victims Protection Reauthorization

Act (TVPRA), 8 U.S.C. § 1232, and released into the custody of his sister sponsor.  At

that time, the government assessed that he was neither a flight risk nor a danger to the

community.  The record reveals no reason to think otherwise today.  To this day,

Petitioner has no criminal history.  And to this day, there is no final order of removal

against him.

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But in March 2026, Petitioner was riding as a passenger in a vehicle that was pulled over by immigration authorities.  And without any notice, process, or explanation of why his circumstances might have changed, Petitioner was arrested by those authorities.  He has been in immigration detention since at least March 16, and in that short timespan, has been moved at least four times to facilities across four different states.

The government contends that Petitioner is an "applicant seeking admission" and is subject to mandatory detention under 8 U.S.C. § 1225(b).  Accordingly, on April 1, 2026, an Immigration Judge declined to grant Petitioner bond on the basis that there was no jurisdiction to do so.  Petitioner's argument, therefore, is that just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no meaningful procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Cornejo v. Andrews*, 25-cv-02062, --- F. Supp. 3d ----, 2026 WL 237748 (E.D. Cal. Jan. 29, 2026); *P.A.H.E. v. Noem*, No. 26-cv-01164, 2026 WL 451662 (E.D. Cal. Feb. 17, 2026); *R.D.T.M. v. Wofford*, 25-cv-01141, 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025); *F.S.S.M. v. Wofford*, 25-cv-01518, 2025 WL 3526671 (E.D. Cal. Dec. 9, 2025).  The

court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 6.  The court thanks Respondents for their timely response, in which they maintain their position that Petitioner's arrest and detention was constitutional because he is subject to § 1225(b).  Dkt. No. 7.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Count One, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Brandon A.R. (A# 243-109-135) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice

3

describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: April 27, 2026, at Honolulu, Hawai'i.



Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-02821-MWJS; *Brandon A.R. v. Warden of Golden State Annex,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS